THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff and Respondent-Appellee, v. DONALD PRICE, Defendant and Petitioner-Appellant.

First District (3rd Division)   No. 84—1778

Opinion filed March 31, 1986.

Steven Clark and Elizabeth E. Clarke, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and James P. Stevenson, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Donald Price, appeals from the summary dismissal of his *pro se* petition for post-conviction relief.

Defendant was convicted of murder and was sentenced to a term of 25 years. That conviction was affirmed by this court in a Rule 23 order issued June 22, 1983. On May 22, 1984, defendant filed his *pro se* petition alleging ineffective assistance of counsel at both the trial and appellate court levels, and alleging error when the trial court permitted defendant to waive his right to a jury trial. The petition recited that defendant was indigent and requested counsel.

Pursuant to section 122—2.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1), the trial court dismissed the petition as being without merit. On appeal defendant contends that the trial court erred when it dismissed the petition without specifying its findings of fact and conclusions of law as required by the statute. Defendant also maintains that he was denied effective assistance of counsel during the post-conviction proceedings, and that section 122—2.1 is unconstitutional.

■■ The Post-Conviction Hearing Act requires that: "If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision." (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1(a).) The record in the present case recites the entire post-conviction proceeding as follows:

"THE CLERK: Donald Price.

THE COURT: All right. The court has another P.C. Attorney Fry. Would the Public Defender take a look at this matter and give the files to me? And we will have these matters recalled. (WHEREUPON, further proceedings in the above-entitled cause were passed, the regular call was heard, after which the following proceedings in the above-entitled cause were held, to wit:)

THE CLERK: Aaron Porter and Donald Price.

THE COURT: All right. Post conviction petitions of Aaron Porter and Donald Price will be dismissed."

Defendant contends that the Act mandates that the trial court specify its findings and conclusions, while the State argues that the statute is merely directory or permissive in its charge to the judge. Whether

statutory language is mandatory or directory depends on the legislative intent, which may be ascertained from the language itself. (*People v. Singleton* (1984), 103 Ill. 2d 339, 469 N.E.2d 200.) The word "shall" generally indicates a mandatory intent. (*People v. Richardson* (1984), 104 Ill. 2d 8, 470 N.E.2d 1024.) This general rule, however, is not inflexible. We recognize that "shall" can be interpreted as being permissive depending upon the context of the provision and the intent of the drafters. *People v. Singleton* (1984), 103 Ill. 2d 339, 469 N.E.2d 200; *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416.

The issue before us has been addressed recently in *People v. Porter* (1986), 141 Ill. App. 3d 208. There, the court affirmed the dismissal of defendant's petition for post-conviction relief, notwithstanding the trial court's failure to strictly comply with the statute. The *Porter* court interpreted section 122—2.1 as being directory, not mandatory. (See also *People v. Cox* (1985), 136 Ill. App. 3d 623, 483 N.E.2d 422.) The court in *Porter* relied on *People v. Davis* (1982), 93 Ill. 2d 155, 442 N.E.2d 855, where our supreme court held that a statute (Ill. Rev. Stat. 1979, ch. 38, pars. 1005—4—1(c), 1005—8—1(b)) providing that the trial court "shall" specify its reasons for imposing a particular sentence, was a permissive, not mandatory, requirement because the pronouncement of sentence lies at the heart of the judicial function. Similarly, the court in *Porter* found that section 122—2.1, which provides that the trial court "shall" specify its reasons for dismissing the post-conviction petition, is a permissive, not mandatory, requirement because to hold otherwise would allow the legislature to intrude upon the court's exercise of judicial discretion. The legislative intent cannot be read so as to require the trial court to set forth its findings of facts and conclusions of law in every post-conviction proceeding, no matter how frivolous the claim. (*People v. Porter* (1986), 141 Ill. App. 3d 208.) We agree with this reasoning.

■ To hold that the language of section 122—2.1 is mandatory would unduly infringe upon the inherent authority of the judiciary. It is our duty to construe the statute as being constitutional, if reasonably possible. (See *People v. Flores* (1984), 104 Ill. 2d 40, 470 N.E.2d 307; *People v. Hicks* (1984), 101 Ill. 2d 366, 462 N.E.2d 473; *Continental Illinois National Bank & Trust Co. v. Illinois State Toll Highway Com.* (1969), 42 Ill. 2d 385, 251 N.E.2d 253; see generally 2A A. Sutherland, Statutory Construction sec. 57.16, at 677 (4th ed. 1984).) Thus, we hold that the language of the statute at issue here must be read as permissive in order to preserve the constitutionality of the statute in light of the separation of powers clause of the Illinois Constitution of 1970. The trial court in the present case had the discre-

tion not to enter written reasons for its decision to dismiss defendant's post-conviction petition.

Defendant next raises various challenges to section 122—2.1 on the basis of the constitutional mandates of separation of powers, equal protection and due process. This court addressed virtually identical challenges to section 122—2.1 in *People v. Porter* (1986), 141 Ill. App. 3d 208, *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724, and *People v. Ross* (1985), 139 Ill. App. 3d 674, 487 N.E.2d 1137, where we found the various provisions of section 122—2.1 to be constitutional. Finding nothing erroneous in the rationale of those cases, we reaffirm their holdings here.

■■ Defendant also challenges the constitutionality of section 122—8 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—8), which requires that a trial judge not associated with the original proceeding be assigned to hear the post-conviction petition. Defendant contends that this provision violates the separation of powers doctrine. Defendant, however, failed to raise this issue in the trial court and in fact requested a different judge, pursuant to the statute, in his post-conviction petition. We hold, therefore, that defendant waived our review of this issue. (*People v. Eldredge* (1969), 41 Ill. 2d 520, 244 N.E.2d 151.) We note further that this issue is pending before our supreme court in *People v. Joseph* (1986), 113 Ill. 2d 36.

■■ ■ With regard to defendant's argument that he received ineffective assistance from his appointed counsel for the post-conviction petition proceeding, the record does not show that the trial court appointed counsel for defendant. Nor is appointment of counsel mandatory when the petition is dismissed as being frivolous or without merit. (*People v. Jones* (1984), 129 Ill. App. 3d 368, 472 N.E.2d 818; *People v. Ward* (1984), 124 Ill. App. 3d 974, 464 N.E.2d 1144.) As to defendant's argument concerning waiver of his right to a jury trial, we find that the issue should have been raised on direct appeal and is inappropriate in a post-conviction proceeding.

For the reasons stated, the order of the circuit court of Cook County dismissing defendant's post-conviction petition is affirmed.

Affirmed.

RIZZI, P.J., and McGILLICUDDY, J., concur.