THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v.
CHESTER A. WILLIAMS, Petitioner-Appellant.

First District (4th Division)   No. 84—2094

Opinion filed July 3, 1986.

James J. Doherty, Public Defender, of Chicago (Frank P. Madea, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Karyn Stratton, and Maureen P. Feerick, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:

Defendant, Chester Williams, appeals from the order of the Cook County circuit court which dismissed his *pro se* petition for relief under the Illinois Post-Conviction Hearing Act (the Act). (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*). On appeal, defendant argues that the trial court's failure to make explicit factual findings and legal conclusions in a written order of dismissal amounted to reversible error.

For the reasons set forth below, we reverse and remand.

BACKGROUND

Defendant's *pro se* post-conviction petition, filed May 15, 1984, alleged in substance that the Illinois Supreme Court's decision in *Lane v. Sklodowski* (1983), 97 Ill. 2d 311, 454 N.E.2d 322, effectively extended his term of imprisonment and thus violated due process of law.

Defendant had been sentenced on April 20, 1983, to serve seven years' imprisonment for his conviction of the offense of voluntary manslaughter (Ill. Rev. Stat. 1983, ch. 38, pars. 9—2(b), 1005—8—1(a)(4)) to which he had pleaded guilty. At the time sentence was imposed, the Director of Corrections interpreted his authority under section 3—6—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1—3—6—3) to include the power to grant prisoners in excess of 90 days of good-time credit for meritorious conduct, to be applied toward reducing the actual length of the sentence. In June 1983, however, the Illinois Supreme Court held in *Lane* that the Director's interpretation of section 3—6—3 was erroneous and that 90 days was the maximum amount of good-time credit which an inmate could receive. *Lane v. Sklodowski* (1983), 97 Ill. 2d 311, 316-20, 454 N.E.2d 322; see also *Baker v. Department of Corrections* (1985), 106 Ill. 2d 100, 477 N.E.2d 686; *People v. Coleman* (1986), 140 Ill. App. 3d 806, 812-13, 489 N.E.2d 455.

The defendant's petition was docketed on June 7. Approximately a week thereafter, the trial court held a hearing on the petition. An entry on the half-sheet indicates that the "parties were present" before the court on June 14, and that upon "motion of the parties" the matter was continued to June 19. On this date, in the "presence of the parties" the court dismissed the petition. The transcript indicates that attorneys of both the public defender's office and the Cook County State's Attorney's office appeared before the court at its June 19 "hearing" on the *pro se* petition. At that time, the assistant public defender informed the court that she and her partner had reviewed the petition and that both agreed that it "fails to state a cause of action." The trial court thereupon dismissed the *pro se* petition by docket entry of June 19. The trial court entered no written order, nor did the court at any time make any findings of fact or conclusions of law with regard to the merits of the defendant's post-conviction petition. Defendant's timely appeal followed.

OPINION

■ In *People v. Mason* and *People v. Wilson,* we conclude that an indigent *pro se* defendant seeking post-conviction relief is entitled to appointment of counsel prior to the court's consideration of whether his petition is frivolous or is patently without merit. (See *People v. Mason* (1986), 145 Ill. App. 3d 218; *People v. Wilson* (1986), 146 Ill. App. 3d 567.) Based upon this determination, and the authority of this court to consider issues not raised by the parties in order to achieve fundamental fairness in the appellate disposition of claims brought be-

fore us (87 Ill. 2d R. 615; see, *e.g., People v. Jackson* (1981), 84 Ill. 2d 350, 359-60, 418 N.E.2d 739), we find the trial court's failure to formally appoint counsel to represent the defendant here reversible error.

    ■ In view of this disposition, we need not resolve the issue presented by the defendant on appeal here, *viz*, whether the trial court's failure to make specific factual findings and legal conclusions in a written order of dismissal on the ground of frivolity or patent lack of legal substance rendered the trial court's dismissal void or reversible error. (See *People v. Wilson* (1986), 146 Ill. App. 3d 567.) However, we choose to decide the issue, and conclude that section 122—2.1(1) merely directs, and does not require, that the trial court's written order include specific findings of fact and conclusions of law. (*People v. Wilson* (1986), 146 Ill. App. 3d 567; see also *People v. Cox* (1985), 136 Ill. App. 3d 623, 483 N.E.2d 422.) We further conclude in *Wilson*, and determine in the instant case, that there is no reversible error in the trial court's failure to enunciate its reasons for dismissal.

Parenthetically, we observe that, in general, the trial court complied with the procedural framework established under the Act, as amended. (See *People v. Wilson* (1986), 146 Ill. App. 3d 567.) Under these amendments, it appears to be the function of the trial court, rather than appointed counsel, to determine in the first instance whether the indigent prisoner's pleading either states an arguably meritorious claim for post-conviction relief, or whether amendment to the petition would cure any deficiency in the pleading. (See Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1.) This difficult task was rendered more nettlesome to the trial court here, as the court had before it no transcript of the proceedings in which the defendant pleaded guilty. Moreover, since defendant never appealed directly from his conviction, and apparently never requested a transcript, he also was not able to formulate the issues to be raised in his post-conviction petition with the aid of a written record of what transpired in the criminal proceedings which he sought to collaterally attack in his post-conviction petition. *Cf. People v. Cooper* (1986), 142 Ill. App. 3d 223, 491 N.E.2d 815.

The trial court apparently relied on the "advice" of an attorney of the public defender's office who reviewed the legal sufficiency of the defendant's petition. Because we reverse and remand for appointment of counsel, however, we do not address the question of whether the trial court's reliance on an assistant public defender's review of an indigent *pro se* post-conviction petitioner's pleading amounts to formal appointment of counsel, thereby requiring compliance with Illinois Su-

preme Court Rule 651(c), an issue which has been given conflicting resolution by other appellate courts in this State. See *People v. Price* (1986), 144 Ill. App. 3d 949 (compliance not required); *People v. Brown* (1986), 142 Ill. App. 3d 139, 491 N.E.2d 486 (compliance required); *People v. Porter* (1986), 141 Ill. App. 3d 208, 490 N.E.2d 47 (compliance not required); *People v. Ramsey* (1985), 137 Ill. App. 3d 443, 484 N.E.2d 555 (compliance not required); *People v. Wilson* (1985), 132 Ill. App. 3d 48, 477 N.E.2d 24 (compliance required); see also *People v. Cooper* (1986), 142 Ill. App. 3d 223, 491 N.E.2d 815; *People v. Alexander* (1985), 136 Ill. App. 3d 1047, 483 N.E.2d 1039.

For the reasons stated above, the order of the trial court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

JOHNSON and JIGANTI, JJ., concur.