THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RONALD ROGERS, Defendant-Appellant.

Fifth District   No. 5—85—0417

Opinion filed September 3, 1986.

Daniel D. Yuhas and John J. Hanlon, both of State Appellate Defender's Office, of Springfield, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Susan M. Young, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Defendant, Ronald Rogers, appeals from a judgment of the circuit court of St. Clair County dismissing his amended post-conviction petition. Defendant was convicted by a jury of the offense of murder. This court affirmed defendant's conviction by order on October 25, 1984. (*People v. Rogers* (1984), 133 Ill. App. 3d 1164.) On February 27, 1985, defendant filed an amended post-conviction petition alleging that his trial counsel had rendered ineffective assistance and that his appellate attorney's representation was also ineffective because he failed to raise the question of trial counsel's ineffective representation on direct appeal. The trial court denied defendant's request for post-conviction relief.

On appeal, defendant challenges the post-conviction court's findings that his trial and appellate counsels had not rendered ineffective assistance. Defendant also complains that his post-conviction attorney rendered ineffective assistance of counsel.

■ The first issue is whether the attorney representing defendant on his amended petition for post-conviction relief rendered ineffective assistance of counsel. Defendant did not testify at his murder trial. It appears from the record of the post-conviction hearing that trial counsel did not advise defendant to testify based upon the belief that a prior felony conviction could be used to impeach defendant. Defendant maintains that his post-conviction counsel's representation was ineffective because counsel failed to establish the inadmissibility of defendant's prior convictions. Defendant testified at his post-conviction hearing that he had been convicted of a felony in 1971 and that he had been charged with several misdemeanors. However, defendant's post-conviction counsel did not ask defendant if he had been imprisoned for the felony nor did he inquire into the exact dates of defendant's misdemeanor convictions. Defendant's counsel argued that it was at least questionable whether the 10-year-old felony conviction would have been admissible. For purposes of attacking the credibility of a witness, evidence of a conviction punishable by a sentence of more than one year or involving dishonesty is not admissible if a period of more than 10 years has elapsed since the date of conviction or of the release of the witness from confinement, whichever is the later date. (*People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695.) Defendant's presentence report establishes that defendant had not been incarcerated for any of the offenses and that more than 10 years had elapsed since the date of the convictions in question. Therefore, defendant's prior convictions could not have been used to impeach defendant had he testified.

■ In order to establish that he was denied effective assistance of counsel, defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. (*People v. Albanese* (1984), 104 Ill. 2d 504, 525, 473 N.E.2d 1246, 1255, citing *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.) Counsel's performance is considered deficient if it falls below an objective standard of reasonableness. (*Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064.) To establish actual prejudice, defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. (*Strickland v. Washington* (1984), 466 U.S. 668,

690, 80 L. Ed. 2d 674, 695, 104 S. Ct. 2052, 2068.) We believe that defendant's claim of ineffective assistance of counsel can be disposed of on the ground of lack of sufficient prejudice. *Strickland v. Washington* (1984), 466 U.S. 668, 692, 80 L. Ed. 2d 674, 696, 104 S. Ct. 2052, 2069-70.

We must determine whether there is a reasonable probability that, absent post-conviction counsel's error, the result of the post-conviction proceedings would have been different. The post-conviction court found that defendant's failure to testify was a matter of trial strategy. It is defendant's position that, but for counsel's failure to establish the inadmissibility of the prior convictions, the court would have found that defendant's trial counsel had rendered ineffective assistance which caused defendant to waive his right to testify. Having found such a grave error, defendant asserts that the post-conviction court would have presumed prejudice and ordered a new trial without a showing that defendant's testimony would have changed the outcome of his trial. We disagree. Initially, we reject defendant's contention that, absent post-conviction counsel's error, the court would have presumed prejudice resulting from trial counsel's deficient performance. Prejudice resulting from counsel's deficient performance has been presumed in a narrow range of contexts. (*People v. Hattery* (1985), 109 Ill. 2d 449, 461, 488 N.E.2d 513, 517; *People v. Correa* (1985), 108 Ill. 2d 541, 549-53, 485 N.E.2d 307, 310-12.) However, where a defendant failed to testify based upon a mistaken belief that he could be impeached with a prior conviction, the court addressing the claim that counsel had rendered ineffective assistance for failing to accurately determine the inadmissibility of the prior conviction utilized the "but for" test and did not presume prejudice. (*People v. Tyson* (1985), 137 Ill. App. 3d 912, 920, 485 N.E.2d 523, 529.) Furthermore, the court in *Tyson* could not say that, but for counsel's failure to accurately determine the inadmissibility of the prior conviction, the result of defendant's trial would have been different. (137 Ill. App. 3d 912, 920, 485 N.E.2d 523, 529.) Therefore, even if the post-conviction court had been presented with concrete evidence of the inadmissibility of defendant's prior convictions and had found that trial counsel's performance was deficient, the court would still have had to find that the deficiency adversely affected the outcome of defendant's trial in order to remand the cause for a new trial on the ground of ineffective assistance of counsel. As we emphasized in defendant's direct appeal, the evidence of defendant's guilt presented at trial was not closely balanced. Defendant did not allege at the hearing on his post-conviction petition that, had he testified, he would have presented an alibi

or exculpatory testimony in his defense. We believe that the probability of conviction was substantial even if defendant had testified. We cannot say that there is a reasonable probability that, but for post-conviction counsel's error, the court would have found that trial counsel's representation was ineffective and that a new trial was warranted. We therefore reject defendant's contention that he was denied the effective assistance of counsel at his post-conviction proceeding.

■ The second issue is whether the post-conviction court erred in finding that defendant's trial counsel had not rendered ineffective assistance for failing to introduce a prior consistent statement of one of the State's witnesses. The denial of post-conviction relief based upon an allegation of ineffective assistance of counsel will be upheld unless manifestly erroneous. *People v. Corder* (1982), 103 Ill. App. 3d 434, 436, 431 N.E.2d 701, 703.

Harvey Brooks was called by the State to testify at defendant's murder trial. Brooks testified that he heard a shot, saw the victim fall to the ground and defendant run to his car. The State introduced a prior inconsistent statement, made the day after the shooting, in which Brooks had stated that he saw defendant shoot the victim in the head. Approximately seven months after the shooting, Brooks made a statement in the public defender's office which was consistent with his trial testimony. Defendant's trial counsel did not attempt to introduce this prior consistent statement. In response to defendant's allegation that the failure to introduce this statement constituted ineffective assistance of counsel, the post-conviction court found that the prior consistent statement would not have been admissible and, therefore, counsel could not be faulted for failing to attempt to introduce the statement. *People v. DePoy* (1968), 40 Ill. 2d 433, 438-39, 240 N.E.2d 616, 619.

■ Without determining whether the statement in question would have been admissible to rebut an inference that Brooks was motivated to testify falsely or that the testimony was of recent fabrication (*People v. Clark* (1972), 52 Ill. 2d 374, 389, 288 N.E.2d 363, 371), we believe that defendant has failed to overcome the presumption that his trial counsel's actions may be considered sound trial strategy (*Strickland v. Washington* (1984), 466 U.S. 668, 688, 80 L. Ed. 2d 674, 694, 104 S. Ct. 2052, 2066). The prior inconsistent statement used to impeach Brooks' trial testimony was made one day after the shooting, whereas Brooks' prior consistent statement was made seven months after the incident. It is likely that counsel was of the opinion that introduction of the latter statement would shed more doubt on the credibility of Brooks' in-court testimony. Defendant has

failed to show that trial counsel's performance fell below an objective standard of reasonableness. (*Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064.) Furthermore, even if counsel's performance were deemed to fall below that standard, defendant has failed to show actual prejudice resulting from the deficient performance. (*Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064.) We conclude that the denial of defendant's request for post-conviction relief based upon a claim of ineffective assistance of counsel is not against the manifest weight of the evidence. Having reached this conclusion, we also reject defendant's claim that his appellate counsel rendered ineffective assistance for failing to raise the issue of trial counsel's incompetence on direct appeal.

The final issue is whether the post-conviction court erred in allowing defendant's trial counsel to state his opinion of the competency of his representation of defendant. Defendant contends that the testimony was improperly received because counsel's performance is to be gauged by an objective standard of reasonableness (*Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064), so that counsel's subjective opinion of his own performance is irrelevant. The order of the court denying defendant's request for post-conviction relief makes no reference to counsel's opinion of his performance. Even if the testimony is deemed inadmissible, we believe that any error resulting therefrom is harmless. *Goldstein v. Scott* (1982), 108 Ill. App. 3d 867, 879, 439 N.E.2d 1039, 1047.

For the foregoing reasons, the judgment of the circuit court of St. Clair County denying defendant's post-conviction petition is affirmed.

Affirmed.

JONES and WELCH, JJ., concur.