THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. BRAD LIEBERMAN, Petitioner-Appellant.

First District (2nd Division)   No. 84—2801

Opinion filed November 25, 1986.—Rehearing denied January 6, 1987.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Rimas F. Cernius, and Loretta H. Davenport, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Petitioner appeals from the circuit court's denial of his petition for post-conviction relief raising as issues whether the circuit court's: (1) failure to rule on whether his petition had merit within the statutorily prescribed 30-day period precluded its subsequent ruling that the petition lacked merit; (2) failure to follow statutory procedures in notifying petitioner that his petition was denied as frivolous compels the court to proceed to hear the merits of the petition; (3) finding of no merit in his assertions of prosecutorial discovery violations, ineffective assistance of counsel, and juror misconduct was in error; and (4) whether the State may recover the costs of an appeal from a denial of a post-conviction petition.

Petitioner was convicted of rape and sentenced to 50 years. (*People v. Lieberman* (1982), 107 Ill. App. 3d 949, 950, 438 N.E.2d 516, *appeal denied* (1982), 91 Ill. 2d 576.) His conviction was affirmed on appeal, but the cause was remanded for resentencing. (*People v. Lieberman* (1982), 107 Ill. App. 3d 949, 960, 438 N.E.2d 516.) He was subsequently sentenced to a 40-year term and thereafter, *pro se*, filed a post-conviction petition on February 24, 1984. The petition and a supporting memorandum of law totalled 66 pages.

On March 29, 1984, petitioner moved to preclude the State from answering his petition. He withdrew the motion on April 10, 1984, however, and filed a motion seeking to compel the State to respond

since more than 30 days had elapsed from the filing and docketing of his petition.

On April 30, 1984, petitioner filed a supplemental supporting memorandum of law, and on May 14, 1984, he filed a first amended petition for post-conviction relief. On October 11, 1984, he filed a supplemental petition for post-conviction relief.

On October 19, 1984, the circuit court ruled that the post-conviction petitions were without merit and they were dismissed. According to the certified record of proceedings made on July 25, 1985, the parties were present at the October 19, 1984, hearing. Petitioner, however, contends that he was not; the transcript makes no specific indication.

On October 26, 1984, one week after the petition's dismissal, petitioner moved for a status hearing on his petition. On November 11, 1984, after allegedly learning in an unspecified manner of the dismissal of his petition, he moved for production of a written order dismissing his post-conviction petition. He appeals from that order.

I

■ Petitioner initially contends that his petition warranted a hearing since the circuit court failed to rule that it was frivolous within 30 days of filing and docketing.

Section 122—2.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1984 Supp., ch. 38, pars. 122—2.1(a), (b)) provides that the court shall examine such a petition and enter an order within 30 days after its filing and docketing. A frivolous petition, or one patently without merit, shall be dismissed. An order of dismissal is to be served upon the petitioner within 10 days of its entry.

Petitioner contends that the court's failure to rule that his petition was frivolous within 30 days acts as recognition that his petition was meritorious. We disagree. Although the practice is not approved, the delay is not prejudicial and does not warrant reversal of the petition's dismissal. *People v. Churchill* (1985), 136 Ill. App. 3d 123, 124-25, 482 N.E.2d 355, *cert. denied* (1986), 476 U.S. 1118, 90 L. Ed. 2d 661, 106 S. Ct. 1978; *cf. People v. Brown* (1986), 142 Ill. App. 3d 139, 143, 491 N.E.2d 486.

In the case *sub judice*, the petition and supporting memorandum consisted of 66 pages. Subsequently, during the pendency of the petition, petitioner filed a motion to preclude the State from responding, a motion to compel the State to respond, a supplemental memorandum of law in support of his petition, a first amended petition, and a supplemental petition. The final filing, the supplemental petition,

came one week before the circuit court dismissed his petition as frivolous. The continuing nature of petitioner's filings and the lack of any showing of resultant prejudice compel affirmance of the circuit court's power to rule on whether the petition had merit beyond the 30-day statutory limit, which we view as permissive rather than mandatory. (See *People v. Porter* (1986), 141 Ill. App. 3d 208, 211-12, 490 N.E.2d 47, *appeal allowed* (1986), 112 Ill. 2d 589.) Additionally, section 122—2.1 makes no specific provision for either sanction or remedy for non-compliance with the 30-day ruling period. We decline to legislate such a provision.

## II

■■ Petitioner secondly contends that the circuit court's failure to notify him of his petition's dismissal within 10 days (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1(a); 103 Ill. 2d R. 651(b)) also warrants reversal. His argument is unpersuasive. The delay in notification did not prejudice him and has no bearing on the merits of his petition. Without a demonstration of prejudice, reversal is unwarranted. *People v. Churchill* (1985), 136 Ill. App. 3d 123, 124-25, 482 N.E.2d 355.

## III

Petitioner's next three issues concern the actual merits asserted in his petition.

## A

■■ Petitioner first contends that the State violated discovery rules when it failed to disclose the existence of an unidentified fingerprint at the scene of another of his alleged rapes. If viewed as true, however, the asserted discovery violation was not harmful. The fingerprint in question did not relate to the rape for which he was convicted; rather, it was found at the scene of another rape of which evidence was admitted solely to demonstrate Lieberman's alleged *modus operandi*. (See *People v. Lieberman* (1982), 107 Ill. App. 3d 949, 951-52, 438 N.E.2d 516.) At his trial two other *modus operandi* witnesses identified Lieberman as their assailant. (*People v. Lieberman* (1982), 107 Ill. App. 3d 949, 952, 438 N.E.2d 516.) Since the fingerprint would only demonstrate that someone else had been at another crime scene, and even then would only relate to one of the *modus operandi* crimes and not to the scene of the crime for which he was actually convicted, the alleged misconduct does not prejudice him.

1056

## B

■ Petitioner next asserts that he was denied effective assistance of counsel in that his trial counsel: (1) failed to contact or present a witness who would have circumstantially supported his alibi by testifying that his car was at his mother's house at the time of the crime; (2) failed to question the victim or call a supporting affiant about a silver "star" badge allegedly used as identification by the rapist and identified as petitioner's by his victim but which was not, according to the uncalled affiant, given to petitioner until several days after the crime; (3) failed to impeach one other *modus operandi* witness with the physical description of her assailant which she gave to the police; and (4) failed to investigate another possible suspect who had been identified in a lineup by other crime victims. None of these assertions resulted in any significant prejudice to Lieberman. All four alleged instances of ineffective assistance of counsel are tangential to Lieberman's conviction of the actual crime charged and are essentially harmless. In order to prevail on this argument, petitioner must demonstrate not only the ineffective assistance of his counsel but also resulting prejudice. *People v. Weir* (1986), 111 Ill. 2d 334, 337, 490 N.E.2d 1; *People v. Del Vecchio* (1985), 105 Ill. 2d 414, 425-26, 475 N.E.2d 840, *cert. denied* (1985), 474 U.S. 883, 88 L. Ed. 2d 173, 106 S. Ct. 204.

■ Petitioner also points to the supreme court's affirmance of a censure of his trial counsel by the Attorney Registration and Disciplinary Commission as evidence of the ineffectiveness of his counsel. That censure, however, concerned different clients and totally unrelated issues; it is therefore irrelevant. *People v. Stachelek* (1986), 145 Ill. App. 3d 391, 404-05, 495 N.E.2d 984.

## C

■ Petitioner finally alleges two instances of juror misconduct: first, a juror was seen with a newspaper which contained a story about the trial; and second, two jurors were overheard discussing their appearances in an artist's sketch which they had seen on television. The State, however, asserts that both allegations are general and imprecise. We agree.

The affidavit attesting to the first instance of juror misconduct states, in pertinent part:

"3. That during the course of the trial, I [the affiant] observed an individual recognized to be a jurror [*sic*], walking through the lobby of the courts building with a copy of a Chicago Sun-Times newspaper in his possessionn [*sic*].

4. That later that same day, I [the affiant] purchase a copy

of a Chicago Sun-Times newspaper, and contained therein was a news account of Brad Lieberman's trial."

This assertion of juror misconduct fails to establish that the juror read or even saw the alleged article, that the juror possessed the same newspaper (*e.g.*, edition and day) as the affiant subsequently purchased or any assertions concerning or identification of the article allegedly contained therein.

An affidavit by a separate affiant concerning a second instance of alleged juror misconduct provides, in pertinent part:

"4. That one morning just before the court was to resume, I [the affiant] had occasion to observe two men walking from the area of the elevator, to the hallway near the courtroom.

5. That I heard the conversation of these two men, and I heard one man say to the other, 'Did you see the sketch's [*sic*] of us on the news last night? and the other man responded something to the effect of yes they made me look like an old man.'

6. I later saw these same men sitting in the jury box, and recalled the conversation that had taken place, but did not put much importance to it at that time."

This instance, just as the previous one, does not demonstrate the possibility of prejudice to petitioner. The two jurors were discussing how they appeared in an artist's sketches, they were not discussing what was reported on the television broadcast nor has there been any assertion as to the content of that broadcast.

A defendant's right to a fair and impartial jury is fundamental (*People v. Wilson* (1948), 400 Ill. 461, 480, 81 N.E.2d 211; *People v. Perez* (1981), 98 Ill. App. 3d 64, 67, 423 N.E.2d 964); however, petitioner's bald allegations that a juror was exposed to a newspaper containing a story about the trial and that two other jurors discussed how they had appeared in a televised artist's sketch do not demonstrate that those jurors were exposed to anything prejudicial to petitioner. See *People v. Miller* (1958), 13 Ill. 2d 84, 112, 148 N.E.2d 455, *cert. denied* (1958), 357 U.S. 943, 2 L. Ed. 2d 1556, 78 S. Ct. 1394, *cert. denied* (1960), 363 U.S. 846, 4 L. Ed. 2d 1729, 80 S. Ct. 1618.

## IV

■ Petitioner's final contention is that the State is not entitled to recover costs for this appeal. The common law did not allow for the recovery of prosecution costs. Illinois, however, statutorily authorizes such recovery (Ill. Rev. Stat. 1983, ch. 38, par. 180—3):

"When any person is convicted of an offense under any stat-

ute, or at common law, the court shall give judgment that the offender pay the costs of the prosecution."

Petitioner contends that this provision does not extend to appeals from the denials of post-conviction petitions.

The State is allowed to recover the costs of a direct appeal from a conviction. (*People v. Nicholls* (1978), 71 Ill. 2d 166, 179, 374 N.E.2d 194; *People v. Surles* (1984), 126 Ill. App. 3d 216, 229, 466 N.E.2d 1295; *People v. Washington* (1984), 121 Ill. App. 3d 479, 490, 459 N.E.2d 1029.) Lieberman contends that this appeal, however, is not from his conviction and is therefore exempt from the taxing of costs. He premises his argument on our supreme court's ruling that costs are not recoverable in juvenile prosecutions. (*In re W.W.* (1983), 97 Ill. 2d 53, 58, 454 N.E.2d 207.) The court's ruling in *In re W.W.*, however, was premised on the special nature of juvenile proceedings and a reluctance to consider the resultant findings in such proceedings as convictions. *In re W.W.* (1983), 97 Ill. 2d 53, 57-58, 454 N.E.2d 207.

In the case of post-conviction petitions, however, those special considerations do not exist. Here, the appeal from the denial of the post-conviction petition is similar to the direct appeal from the underlying conviction. Its aim is to overturn the conviction and obtain a new trial; it is an appeal of the underlying conviction. Costs should attach.

Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 179, 374 N.E.2d 194, and *People v. Agnew* (1985), 105 Ill. 2d 275, 473 N.E.2d 1319, in a separate order we grant the State's request for costs.

Accordingly, we affirm the circuit court's dismissal of the petition for post-conviction relief.

Affirmed.

STAMOS and SCARIANO, JJ., concur.