THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RAYMOND GARVIN, Defendant-Appellant.

First District (2nd Division)   No. 85—979

Opinion filed February 18, 1987.

Steven Clark, Anna Ahronheim, and Debra R. Salinger, all of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Christopher J. Cummings, Kevin Moore, and James E. Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Petitioner, Raymond Garvin, appeals the circuit court's dismissal of his post-conviction petition as meritless contending: (1) he was entitled to a hearing on his petition after the court failed to dismiss it within 30 days of filing and docketing; (2) Supreme Court Rule 651(c) (103 Ill. 2d R. 651(c)) requires appointment of counsel; (3) due process and equal protection of law require appointment of counsel to indigent post-conviction petitioners; (4) section 122—2.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1) (Code) is unconstitutional due to our supreme court's invalidation of section 122—8 from which section 122—2.1 is not severable; and (5) ineffective assistance of trial and appellate counsel was demonstrated.

Petitioner appealed his conviction on two counts of attempted murder and one count of aggravated battery and the sentences to concurrent terms of 10, 10, and 5 years, respectively. (*People v. Garvin* (1984), 122 Ill. App. 3d 1156.) His attorney, the public defender, filed an *Anders* brief (*Anders v. California* (1967), 386 U.S. 738, 744, 18 L. Ed. 2d 493, 498, 87 S. Ct. 1396, 1400) seeking leave to withdraw as counsel after finding no meritorious issues but requesting that the aggravated-battery conviction be vacated as cumulative. Garvin subsequently *pro se* filed a brief contending: he had not been proved guilty beyond a reasonable doubt; the circuit court erred in admitting prejudicial evidence corroborating the complaining witnesses' testimony; and the evidence failed to demonstrate substantial steps taken toward the attempted murder.

Garvin was convicted of attempting to kill his ex-wife and her brother outside of their apartment building. Garvin argued with his ex-wife at her apartment and threatened to shoot her five times if she

came out of the building. He subsequently threatened to shoot her brother if he "played hero" in the matter. An argument then ensued between Garvin and his former brother-in-law, and the two proceeded outside where Garvin produced a pistol. As his brother-in-law was walking away, Garvin fired one shot which penetrated the brother-in-law's lower leg. Garvin's ex-wife then came outside with her mother and other members of the family to help the victim. Garvin fired five shots at her before driving away. Garvin testified that he had not meant anything by the threats and had fired the gun at the ground and in the air without aiming at or intending to hit anyone. On direct appeal from his convictions, it was noted that a person who fires a gun at or toward another with malice or total disregard for human life may be convicted of attempted murder. (See *People v. Woods* (1978), 62 Ill. App. 3d 381, 385, 378 N.E.2d 1271.) The requisite intent to take life may thereby be inferred from the character of the assault, the use of a deadly weapon, the issuance of threats, and other circumstances surrounding the occurrence. (*People v. Anderson* (1982), 108 Ill. App. 3d 563, 566, 439 N.E.2d 65, *appeal denied* (1983), 92 Ill. 2d 575; *People v. Woods* (1978), 62 Ill. App. 3d 381, 385, 378 N.E.2d 1271.) Garvin's convictions of attempted murder were affirmed; the aggravated-battery conviction was vacated.

On September 26, 1984, Garvin filed a *pro se* petition for postconviction relief and appointment of counsel contending that he had been denied effective assistance of counsel at trial and on appeal because his trial counsel should have conducted a field investigation in order to discover whether there were bullet scars or fragments on the face of the apartment building adjacent to the scene of the shooting. Garvin reasoned that he had fired down at the ground and up in the air and not at his alleged victims. Therefore, no bullets would have hit the building behind his victims. Had his trial counsel established the absence of bullet scars on the building, he would have been found not guilty of attempting to kill his ex-wife. Garvin also contended that he was denied effective assistance of appellate counsel, who should have discovered the bullet scar issue, which would have demonstrated the ineffective assistance of trial counsel and would have supported his *pro se* argument that he had not been proved guilty of attempted murder beyond a reasonable doubt.

On March 15, 1985, the circuit court dismissed Garvin's petition. Garvin appeals.

I

Garvin initially contends that the circuit court was statutorily

obligated to consider his petition on the merits once it failed to dismiss the petition as frivolous or meritless within 30 days of filing and docketing. A circuit court's failure to dismiss a post-conviction petition as frivolous within 30 days of its filing and docketing does not constitute a preliminary finding of merit *sub silentio*. (*People v. Lieberman* (1986), 149 Ill. App. 3d 1052, 1054-55, 501 N.E.2d 797, 799-800; see also *People v. Wilson* (1986), 146 Ill. App. 3d 567, 577-78, 499 N.E.2d 972; *People v. Churchill* (1985), 136 Ill. App. 3d 123, 124-25, 482 N.E.2d 355, *cert. denied* (1986), 476 U.S. 1118, 90 L. Ed. 2d 661, 106 S. Ct. 1978; *contra, People v. Brown* (1986), 142 Ill. App. 3d 139, 143, 491 N.E.2d 486.) In the absence of resultant prejudice, a circuit court's delay in dismissing a post-conviction petition as meritless or frivolous does not warrant reversal. (*People v. Lieberman* (1986), 149 Ill. App. 3d 1052, 1054, 501 N.E.2d 797, 799.) Here, no prejudice is asserted or appears to have resulted from the delay and reversal of the dismissal is unwarranted.

II

Section 122—2.1 of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1), which allows for dismissal of frivolous or patently meritless petitions before appointment of counsel, is claimed by Garvin to conflict with Supreme Court Rule 651(c) (103 Ill. 2d R. 651(c)) and to be invalid as violating separation of powers. He argues that Rule 651(c) impliedly grants to indigent post-conviction petitioners a right to counsel. Rule 651(c), however, specifically concerns appeals from post-conviction proceedings and provides, in part, that upon the timely filing of a post-conviction notice of appeal by a petitioner found by the court to be indigent, a transcript of the record of the post-conviction proceedings must be prepared and filed with the court to which the appeal is taken and counsel on appeal must be appointed, both without cost to the petitioner. The appellate record should show that appellate counsel has consulted with petitioner, examined the record of the proceedings at the trial, and made whatever amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions. Garvin relies upon first district, fourth division cases as support for his theory. *People v. Wilson* (1986), 146 Ill. App. 3d 567, 582, 499 N.E.2d 972; *People v. Williams* (1986), 146 Ill. App. 3d 139, 140, 496 N.E.2d 1031; *People v. Mason* (1986), 145 Ill. App. 3d 218, 221, 494 N.E.2d 1176, *appeal allowed* (1986), 112 Ill. 2d 587.

The cases relied on by Garvin specifically rejected this court's opinion in *People v. Porter* (1986), 141 Ill. App. 3d 208, 213-14, 490

N.E.2d 47, *appeal allowed* (1986), 112 Ill. 2d 589, and those of other districts and of other divisions of this district (*People v. Price* (1986), 144 Ill. App. 3d 949, 952, 495 N.E.2d 517 (1st Dist., 3rd Div.); *People v. Brown* (1986), 142 Ill. App. 3d 139, 141-42, 491 N.E.2d 486 (5th Dist.); *People v. Ross* (1985), 139 Ill. App. 3d 674, 676-79, 487 N.E.2d 1137, *appeal denied* (1986), 111 Ill. 2d 593 (1st Dist., 1st Div.); *People v. Baugh* (1985), 132 Ill. App. 3d 713, 715-16, 477 N.E.2d 724, *appeal denied* (1985), 108 Ill. 2d 574). We find no basis for Garvin's reliance. He presents no new arguments. He cites the Pennsylvania post-conviction hearing statute for analogy, which was specifically considered, distinguished, and rejected in *People v. Porter* (1986), 141 Ill. App. 3d 208, 214, 490 N.E.2d 47.

Additionally, it should be noted that Garvin's perceived grant of a right to counsel by implication in Rule 651(c) is drawn from a strained reading of that rule, which specifically and explicitly concerns appointment of counsel *on appeal* from post-conviction hearings and specifically contemplates *pro se* post-conviction petitions in the trial court. The rule explicitly conditions its applicability "[u]pon the timely filing of a notice of appeal in a post-conviction proceeding." (103 Ill. 2d R. 651(c).) The reasonable reading of the rule allows section 122—2.1 to exist with the rule without conflict. The rule directs the circuit court to appoint counsel *on appeal*; it does not direct appointment of counsel for post-conviction petitions prior to the appellate stage; that is done by section 122—4 of the Code if the petition has not been found patently without merit or frivolous. (Ill. Rev. Stat. 1985, ch. 38, par. 122—4.) There is, therefore, no conflict between the Code and Rule 651(c). This complementary interpretation of the rule and the Code is favored in statutory construction when, as here, the interpretation is reasonable and finds the statute constitutional. (*People v. Flores* (1984), 104 Ill. 2d 40, 46, 470 N.E.2d 307; *People v. Price* (1986), 144 Ill. App. 3d 949, 951, 495 N.E.2d 517.) Only a strained and inferential interpretation of the rule would invalidate the statute.

### III

Garvin next contends that the dismissal of his petition without appointment of counsel denied him due process and equal protection of law.

Garvin's due process argument relies primarily on *People v. Mason*, which holds that due process of law requires the appointment of counsel for indigent post-conviction petitioners. (*People v. Mason* (1986), 145 Ill. App. 3d 218, 225, 494 N.E.2d 1176.) In *Mason*, the court began its analysis by noting that "[t]he United States Supreme

Court has found no fundamental right to counsel for collateral attacks upon an indigent prisoner's conviction." (145 Ill. App. 3d 218, 223, 494 N.E.2d 1176.) The court then proceeded to hold, however, that it is too difficult for a convicted indigent petitioner to recognize violations of his rights without the assistance of counsel and subsequently rejected its original recognition that there is no fundamental right to counsel in collateral attacks upon convictions.

■ The United States Supreme Court has found no constitutional right to counsel in either discretionary appeals (*Evitts v. Lucey* (1985), 469 U.S. 387, 394, 83 L. Ed. 2d 821, 828, 105 S. Ct. 830, 834-35; *Ross v. Moffitt* (1974), 417 U.S. 600, 610, 41 L. Ed. 2d 341, 351, 94 S. Ct. 2437, 2443-44) or in collateral attacks upon convictions (*Rodriguez v. United States* (1969), 395 U.S. 327, 330, 23 L. Ed. 2d 340, 344, 89 S. Ct. 1715, 1717; *Johnson v. Avery* (1969), 393 U.S. 483, 488, 21 L. Ed. 2d 718, 722-23, 89 S. Ct. 747, 750). The court premised its ruling on the collateral and discretionary nature of the proceedings. Illinois provides indigents with counsel at trial and on direct appeal from that trial. (Ill. Rev. Stat. 1985, ch. 38, par. 113—3; 87 Ill. 2d R. 607(a).) Additionally, the State provides indigents with counsel on post-conviction petitions once a threshold merit demonstration has been made and on appeals from the dismissal or denial of post-conviction petitions without regard to the merit of the original petition. (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1; 103 Ill. 2d R. 651(c).) Accordingly, requiring that a post-conviction petition not be patently without merit or frivolous prior to the appointment of counsel for indigent petitioners is not a denial of due process given the proceedings' collateral nature. *People v. Porter* (1986), 141 Ill. App. 3d 208, 216, 490 N.E.2d 47; *People v. Price* (1986), 144 Ill. App. 3d 949, 952, 495 N.E.2d 517.

Garvin also asserts that failure to appoint counsel for indigent post-conviction petitioners is a violation of equal protection of law, an argument rejected by every Illinois court that has considered it. (See, *e.g., People v. Mason* (1986), 145 Ill. App. 3d 218, 225, 494 N.E.2d 1176; *People v. Price* (1986), 144 Ill. App. 3d 949, 952, 495 N.E.2d 517; *People v. Porter* (1986), 141 Ill. App. 3d 208, 216, 490 N.E.2d 470.) Indigent prisoners are not a suspect class and wealth is not a suspect classification. No arguments are articulated here that have not been previously considered and rejected by this and other courts.

## IV

Garvin next contends that section 122—2.1 of the Code is inseverable from section 122—8, which was found unconstitutional by our su-

preme court as a violation of the doctrine of separation of powers. (*People v. Joseph* (1986), 113 Ill. 2d 36, 48, 495 N.E.2d 501.) Section 122—8 provided that a different judge hear a post-conviction petition than had presided at trial. (Ill. Rev. Stat. 1985, ch. 38, par. 122—8, *voided People v. Joseph* (1986), 113 Ill. 2d 36, 48, 495 N.E.2d 501.) Garvin contends that the *Joseph* ruling also voids section 122—2.1.

The foregoing attack proceeds from the fact that both sections 122—2.1 and 122—8 were the primary revisions made to post-conviction procedures by Public Act 83—942. When initially passed by the General Assembly (83d Ill. Gen. Assem., House Bill 463, Senate Bill 151, 1983 Sess.), section 122—8 was amendatorily vetoed by the Governor, but was reenacted, becoming effective November 23, 1983 (Public Act 83—942). Garvin contends that the amendatory veto striking section 122—8, coupled with the General Assembly's reenactment of the section, illustrates a legislative intent not to enact section 122—2.1 without section 122—8 and establishes the sections' inseverability.

■ The test for severability is whether the legislative enactment remaining after the invalid portion is stricken is complete in itself and capable of being executed wholly independently of that which was rejected. The invalid portion of the statute does not render the entire section unconstitutional unless it can be said that the General Assembly would not have enacted the statute with the invalid portion eliminated. *People ex rel. County of Du Page v. Smith* (1961), 21 Ill. 2d 572, 586, 173 N.E.2d 485; *People v. Farmer* (1986), 148 Ill. App. 3d 723, 726, 499 N.E.2d 710.

■ In the present case, section 122—2.1 makes no reference to section 122—8 and stands totally separate and distinct. (*People v. Farmer* (1986), 148 Ill. App. 3d 723, 728, 499 N.E.2d 170.) Garvin, however, contends that the General Assembly did not enact section 122—2.1 without section 122—8 when it had the opportunity to do so and therefore section 122—2.1 must fall with section 122—8. This argument was rejected by the appellate court in *People v. Farmer* (1986), 148 Ill. App. 3d 723, 728-29, 499 N.E.2d 170. The reasoning of *Farmer*, with which we agree, is that the General Assembly's action in reenacting section 122—8 after it had been deleted by the Governor's amendatory veto does not necessarily evidence a legislative refusal to enact 122—2.1 without 122—8. Rather, the General Assembly selected one of two options; it could accept the Governor's action or it could reject it and reenact the provision. It was not obligated to act in either manner; it chose the latter. Its action, however, is not so much a rejection of the former but more a demonstration of its preference

for the latter. There is no indication that section 122—2.1 would have been abandoned by the General Assembly if it had known that 122—8 was void. The General Assembly merely appears to have wanted both sections; it did not consider it to be an all-or-nothing proposition.

■ It is urged that the dismissal of Garvin's petition must be reversed and remanded for reassignment to his original trial judge since it was previously assigned for hearing under the subsequently voided section 122—8. (Ill. Rev. Stat. 1985, ch. 38, par. 122—8, *voided People v. Joseph* (1986), 113 Ill. 2d 36, 47-48, 495 N.E.2d 501.) Garvin further asserts that *Joseph* must be retroactively applied to his case due to the United States Supreme Court's recent holding that new rulings on criminal procedure should be applied retroactively to all cases pending on direct appeal. (*Griffith v. Kentucky* (1987), 479 U.S. ___, ___, 93 L. Ed. 2d 649, 661, 107 S. Ct. 708, 716.) Garvin claims applicability of *Griffith* to the instant appeal, which he insists is a "direct appeal" from the dismissal of a collateral attack upon his conviction. *Joseph*, however, was premised on a finding that section 122—8, mandating assignment of post-conviction petitions to a judge other than the original trial judge, violated the doctrine of separation of powers by legislatively impinging upon the circuit court chief judge's authority to assign cases. (*People v. Joseph* (1986), 113 Ill. 2d 36, 46-47, 495 N.E.2d 501, citing 94 Ill. 2d Rules 21(a), (b).) The *Joseph* court neither found nor created a right of petitioners to have their petitions heard by their original trial judges, but merely ruled that the General Assembly could not interfere with the chief judge's power to assign cases within his circuit. Post-conviction petitioners possess no right to have their petitions heard by their original trial judges therefore, and the retroactivity urged by Garvin under *Griffith v. Kentucky* is inapplicable.

## V

■ Garvin's petition is claimed to have merit in its assertion of ineffective assistance of counsel. In order to survive a threshold determination of merit, a petition must set forth facts that demonstrate a denial of constitutional rights. (*People v. Porter* (1986), 141 Ill. App. 3d 208, 215, 490 N.E.2d 47.) The alleged deprivation of Garvin's right to effective assistance of trial counsel is his failure to establish the nonexistence of bullet scars on the wall of the building behind his victim. This failure must be shown to have been a deficiency that prejudiced his defense. (*People v. Albanese* (1984), 104 Ill. 2d 504, 525, 473 N.E.2d 1246, *cert. denied* (1985), 471 U.S. 1044, 85 L. Ed. 2d 335, 105 S. Ct. 2061; *People v. Lieberman* (1986), 149 Ill. App. 3d 1052,

1056, 501 N.E.2d 797, 800-01; *People v. Moore* (1986), 147 Ill. App. 3d 881, 888-89, 498 N.E.2d 701; *People v. Garner* (1986), 146 Ill. App. 3d 743, 746, 497 N.E.2d 381.) Defense counsel's performance is deficient if it is below an objective standard of reasonableness. (*People v. Rogers* (1986), 147 Ill. App. 3d 1, 3, 497 N.E.2d 856, *appeal denied* (1986), 113 Ill. 2d 567; *People v. Garner* (1986), 146 Ill. App. 3d 743, 746, 497 N.E.2d 381.) Prejudice is shown when there is a reasonable probability that, but for defense counsel's unprofessional errors, the result would have been different. *People v. Moore* (1986), 147 Ill. App. 3d 881, 890, 498 N.E.2d 701; *People v. Rogers* (1986), 147 Ill. App. 3d 1, 3, 497 N.E.2d 856.

The asserted failure by his trial counsel to establish the nonexistence of bullet scars on the building would affect only one of Garvin's two attempted-murder convictions; the other stemmed from his admittedly having shot his former brother-in-law in the leg, a conviction unrelated to whether or where any bullets struck the building. After Garvin shot his former brother-in-law from behind, his ex-wife came out of the building and Garvin shot five more times, which he claimed were "in the air" in an attempt to scare everyone off. An absence of bullet scars would have supported his version of events he claims, but Garvin fails to note that such an examination could not have conclusively supported his story. At most it could only have shown that no bullet scars were *found* on the building.

The relative geography of the location was not clearly established at trial. It is not clear whether the apartment building necessarily would have been hit by Garvin's bullets. Only the general positions of the people and the apartment building were established; the ex-wife was evidently somewhere between Garvin and the building but no showing was made as to whether the building was directly behind her or off to the side or whether Garvin's fire at her would have been required to go directly toward the wall or on such an angle to the wall as to miss it.

The "failure" of Garvin's counsel to search for bullet scars and fragments on the wall of the apartment building does not evince a legal performance falling below an objective standard of reasonableness. Accordingly, his argument fails. *People v. Rogers* (1986), 147 Ill. App. 3d 1, 3, 497 N.E.2d 856; *People v. Garner* (1986), 146 Ill. App. 3d 743, 746, 497 N.E.2d 381.

Similarly, Garvin's allied assertions that his trial counsel should have called an expert to testify as to the effect of bullet scars on or absent from the wall and that appellate counsel should have recognized these trial defects are equally without foundation.

Accordingly, the circuit court's dismissal of Garvin's petition as without merit is affirmed.

Affirmed.

SCARIANO, P.J. and STAMOS, J., concur.