**UNITED STATES of America ex rel. Robert Lee HOLLEMAN, Petitioner-Appellee,**

v.

**Jack DUCKWORTH, Warden, and Attorney General of Illinois, Respondents-Appellants.**

No. 84–2387.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 15, 1985.

Decided Aug. 16, 1985.

James E. Fitzgerald, Asst. Atty. Gen., Chicago, Ill., for respondents-appellants.

Brian A. Hamer, Schiff, Hardin & Waite, Chicago, Ill., for petitioner-appellee.

Before WOOD and POSNER, Circuit Judges, and SWYGERT, Senior Circuit Judge.

HARLINGTON WOOD, Jr., Circuit Judge.

On September 15, 1982, Robert Lee Holleman petitioned the United States Dis-

---

trict Court for the Northern District of Illinois for a writ of habeas corpus. Holleman claimed that the State of Illinois had violated his right to a speedy trial as guaranteed by the Sixth Amendment and the Interstate Agreement on Detainers, Ill. Rev.Stat. ch. 38, § 1003-8-9 (1983) (the "IAD"). The district court denied respondents' motion for summary judgment and granted summary judgment for petitioner, holding that Illinois failed to satisfy Article IV(c) of the IAD. *United States ex rel. Holleman v. Duckworth,* 592 F.Supp. 1423 (N.D.Ill.1984). We reverse.

On July 26, 1977, petitioner was indicted in Illinois on three counts of murder and one count of armed robbery. Since Holleman was incarcerated at that time in an Indiana prison, Illinois requested temporary custody of the petitioner under the IAD. Indiana authorities offered Illinois custody of Holleman on November 25, 1977, but Illinois did not effect the transfer until March 28, 1978 (123 days after Illinois received the offer and 245 days after Holleman was indicted). Holleman's trial on the Illinois charges did not begin until November 6, 1978, and both parties agree that, after excluding excused delays, Holleman was brought to trial on the 128th day after Illinois authorities took custody.

In the state trial court, Holleman argued that the charges should be dismissed because he "was not brought to trial within 120 days as required by Article IV of the Uniform Agreement on Detainers."[1] He also argued that Illinois had violated the Speedy Trial Act, Ill.Rev.Stat. ch. 38, § 103-5(a), because more than 120 days elapsed between his arrival in Illinois and his trial and that Illinois circumvented (and thus violated) the 120-day limit of Article IV(c) by its delay in accepting custody of Holleman. The state trial court denied petitioner's motion, found him guilty, and sentenced him to twenty years. On appeal

to the Illinois Appellate Court, petitioner raised only two issues—whether Illinois violated the Speedy Trial Act and whether the state circumvented (and thus violated) the IAD by not accepting custody of Holleman as soon as Indiana offered it. The Illinois Appellate Court affirmed the trial court decision, *see People v. Holleman,* 82 Ill.App.3d 409, 37 Ill.Dec. 782, 402 N.E.2d 784 (1980), and the Illinois Supreme Court denied Holleman's petition for leave to appeal.

■ If a state prisoner fails to raise a claim in his state court appeal, he may base a habeas corpus action on that claim only by showing cause and prejudice. *United States ex rel. Spurlark v. Wolff,* 699 F.2d 354, 361 (7th Cir.1983) (en banc). In the present case, the state appellate court briefs raise two specific arguments—that the post-transfer delay violated the Speedy Trial Act and that the pre-transfer delay violated the IAD. Neither of these was the ground relied on by the district court in granting the writ. At oral argument before this court, petitioner's counsel conceded that "petitioner failed to expressly argue the post-transfer delay in his appellate court brief." The Illinois Appellate Court thus never discussed whether the 128-day delay between Holleman's arrival in Illinois and his trial violated Article IV(c) of the IAD. *See Holleman,* 82 Ill.App.3d at 414-16, 37 Ill.Dec. at 786-88, 402 N.E.2d at 788-90.

The respondent argues that Holleman's failure to raise the post-transfer Article IV(c) issue—whether Illinois violated the IAD by failing to bring Holleman to trial within 120 days of his arrival in the state— in his state court appeal constitutes a procedural default that, absent a showing of cause and prejudice, bars collateral review in a federal habeas corpus case. Holleman

---

1. Article IV(c) states

    In respect of any proceeding made possible by this Article, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel

being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Ill.Rev.Stat. ch. 38, § 1003-8-9(a), Art. IV(c) (1983).

counters that the two arguments he made to the Illinois Appellate Court should have put the state court on notice of the post-transfer violation of Article IV(c).[2] The district court agreed with Holleman. The court found that "Holleman did not argue [in the Illinois Appellate Court] that the accumulation of more than 120 days of delay [after his arrival in Illinois] constituted a violation of Art. IV(c)," but the court concluded that Holleman's arguments on the two issues he did appeal gave the Illinois appeals court "elaborate notice that Holleman had a valid IAD claim." 592 F.Supp. at 1432. The court therefore held that Holleman had adequately presented his post-transfer IAD claim to the Illinois Appellate Court.

 In the present case, Holleman made two very specific arguments to the Illinois Appellate Court. Although Illinois law required an appellant to list in his brief the issues and arguments raised on appeal, Holleman neither listed the post-transfer IAD issue nor specifically argued it. *See* Ill.Rev.Stat. ch. 110A, § 341(e)(7) (West 1976) ("Points not argued [in the appellant's brief] are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."); *People v. Jimerson*, 69 Ill.App.3d 403, 412–13, 26 Ill. Dec. 386, 393, 388 N.E.2d 10, 17 (1979) (appellate court will not "search the record on appeal for unargued and unbriefed reasons to reverse a criminal conviction"). Given the strict Illinois waiver rule,[3] we refuse to hold that raising two specific speedy trial-type arguments forced the appellate court either to scour the record for other possible errors or to run the risk that a court of collateral review might reverse the otherwise valid conviction several years later. We therefore hold that the petitioner waived his argument that the post-transfer delay violated the IAD.

For the foregoing reasons, the district court's grant of the writ is reversed. The case is remanded to the district court so that that court can consider whether Holleman can show cause for and prejudice from the procedural default. *See Spurlark*, 699 F.2d at 361.

Reversed and Remanded.

---

**2.** Holleman cites *United States v. Mauro*, 436 U.S. 340, 364, 98 S.Ct. 1834, 1849, 56 L.Ed.2d 329 (1978), in support of this proposition. *Mauro* is inapplicable here as that involved a federal criminal prosecution and thus announced a *federal* rule of waiver. Because the issue in the present case is whether Holleman made a *state* procedural default, we apply the Illinois law of waiver.

**3.** Illinois courts have recognized several exceptions to the strict waiver rule. They have suggested that the waiver rule is relaxed if there is only a "very fine shade of difference" between the grounds asserted at trial and the one appellant wants to raise on appeal, *People v. Hawkins*, 34 Ill.App.3d 566, 569, 340 N.E.2d 223, 225 (1975); if a finding of waiver would conflict with "the responsibility of a reviewing court for a just result and for a sound and uniform body of precedent," *Hux v. Raben*, 38 Ill.2d 223, 225, 230 N.E.2d 831, 832 (1967); and if the constitutional right petitioner relies on is first recognized after his appeal, *People v. Ikerd*, 47 Ill.2d 211, 212, 265 N.E.2d 120, 121 (1970); *People v. Goins*, 103 Ill.App.3d 596, 598, 59 Ill.Dec. 312, 314, 431 N.E.2d 1069, 1071 (1982). The present case does not fall within any of these exceptions.