THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAMAR D. GARNER, Defendant-Appellant.

First District (2nd Division)   No. 84—2700

Opinion filed August 12, 1986.—Rehearing denied September 16, 1986.

STAMOS and HARTMAN, JJ., specially concurring.

Mark D. DeBofsky, of DeBofsky & DeBofsky, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Peter D. Fischer, and Kay M. Ceresa, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Defendant, Lamar D. Garner, was convicted of murder after a bench trial. We affirmed his conviction. (*People v. Garner* (1981), 102 Ill. App. 3d 755, 430 N.E.2d 320.) In reviewing his conviction, we concluded that the case presented nothing more than an evaluation of the credibility of the witnesses and that the trial court did not err in its determination of that credibility. (102 Ill. App. 3d 755, 757, 430 N.E.2d 320.) Our supreme court denied defendant's petition for leave to appeal. *People v. Garner* (1982), 91 Ill. 2d 562.

Defendant's *pro se* petition for post-conviction relief, pursuant to article 122 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 122—1 *et seq.*), was denied on October 2, 1984. This timely appeal followed.

I

Defendant contends in his post-conviction petition that he was deprived of effective assistance of counsel at the preliminary hearing, at trial, and on appeal. The facts dealing with the murder have been recited in our previous opinion, so there is no need to repeat them in this opinion.

The object of the Post-Conviction Hearing Act (Act) is to provide an effective, post-trial forum to "[a]ny person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both." (Ill. Rev. Stat. 1985, ch. 38, par. 122—1.) The Act was "designed to afford to the convicted an opportunity to inquire into the constitutional integrity of the proceedings in which the judgment was entered." (*People v. Pier* (1972), 51 Ill. 2d 96, 98, 281 N.E.2d 289.) A proceeding under the Act is not an appeal but is a collateral attack on a judgment. *People v. James* (1986), 111 Ill. 2d 283, 290, 489 N.E.2d 1350.

The test to determine the effectiveness of counsel was announced in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed.

2d 674, 104 S. Ct. 2052. There, the court held that in order to establish a denial of effective assistance of counsel, a defendant must prove: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) the counsel's substandard representation so prejudiced his defense as to deny the defendant a fair trial. (466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064-65.) The court stated that there was no fixed set of rules by which to judge counsel's conduct but that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." (466 U.S. 668, 689, 80 L. Ed. 2d 674, 694, 104 S. Ct. 2052, 2065.) The *Strickland* test has been adopted by our supreme court in *People v. Albanese* (1984), 104 Ill. 2d 504, 526-27, 473 N.E.2d 1246, *cert. denied* (1985), 471 U.S. 1044, 85 L. Ed. 2d 335, 105 S. Ct. 2061.

■ Defendant's first point is that defense counsel failed to object to the hearsay testimony of Officer Willie Johnson at the preliminary hearing. Johnson testified that he spoke with the pathologist, Doctor Lee F. Beamer, by telephone and that Dr. Beamer told him that the cause of death was multiple gunshot wounds. Clarence Cox, the victim's son, also testified at the hearing and gave an eyewitness account of the shooting. He stated that he saw defendant shoot his father four times at close range. This testimony was certainly sufficient to establish probable cause. (*People v. Bonner* (1967), 37 Ill. 2d 553, 557, 229 N.E.2d 527.) Even if probable cause were not established, the State could still have sought an indictment against defendant. *People v. Gooding* (1974), 21 Ill. App. 3d 1064, 1068, 316 N.E.2d 549, *rev'd on other grounds* (1975), 61 Ill. 2d 298, 355 N.E.2d 769.

Defendant concedes that hearsay testimony is admissible at a preliminary hearing. (*People v. Velez* (1966), 72 Ill. App. 2d 324, 335-36, 219 N.E.2d 675.) Thus, the court did not err in allowing Officer Johnson to testify about his conversation with Dr. Beamer. Furthermore, defense counsel cross-examined Officer Johnson to draw out any deficiencies in his testimony. Defendant's first point is not well taken.

■ Defendant's second point is that he was denied effective assistance of counsel when his trial attorney stipulated as to the cause of death. Defendant argues that "it was a matter of great controversy as to whether Cox died of gunshot wounds or natural causes unrelated to the shooting. The failure of the defense attorney to introduce this alternative defense *** was a clear instance of ineffective assistance of counsel."

Dr. Lee F. Beamer testified by stipulation. He is an expert in fo-

rensic pathology and is currently employed by the Cook County medical examiner's office. He examined the body of the victim in the Cook County morgue. He found five gunshot wounds on the body of the victim—one near the knee cap, two in the leg, one in the abdomen, and one in the buttocks. The victim died within 48 hours after being shot by defendant. In Dr. Beamer's expert opinion, the victim died of multiple gunshot wounds.

In his post-conviction petition, defendant does not present any evidence that the victim died of "natural causes unrelated to the shooting." Without making any effort to prove that witnesses exist who could establish death from natural causes, defendant persists in his attack on the professional competence of trial counsel. For allegations of incompetence of trial counsel to rise to the level of constitutional significance, defendant must supply some facts in his petition demonstrating the actual incompetence of his attorney and how he was prejudiced by this alleged incompetence. (*Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064-65.) Defendant failed to meet this standard.

The defense subpoenaed medical records of Provident and Cook County hospitals for use at the murder trial. Provident Hospital's records reveal that on September 12, 1979, the victim was brought to the emergency room on a stretcher by the Chicago police department. He was suffering from multiple gunshot wounds. The following day he was transferred to Cook County Hospital for surgical care. County Hospital's admitting diagnosis was "[g]unshot wound abdomen." Other entries reveal all of the previously mentioned gunshot wounds and that "[t]his patient is in an impossible situation, since, on top of acute renal failure, his is hypotensive. This will preclude hemodialysis until his [blood pressure] has stabilized." This 65-year-old black male was pronounced dead on September 14, 1979, by Dr. M. L. Griauzoe, whose clinical diagnosis of the cause of death was "acute cardiac and respiratory failure, acute renal failure, septic shock." His report further stated that this was a coroner's case because of the "[g]unshot wound to the abdomen." The "Pathological Report and Protocol" of Dr. Lee F. Beamer unequivocally states that the immediate cause of death was "[m]ultiple gunshot wounds."

Trial counsel was diligent in procuring the medical records by subpoena and obviously was very familiar with the contents. His handling of this aspect of the defense should not be criticized. Alleging that counsel was ineffective for failure to present nonexistent evidence of death from "natural causes" is frivolous. It is unfortunate that in their zeal to present an effective post-conviction appeal, counsel on occasion

unwittingly besmirch the professional competence of their colleagues without just cause.

■■■ Defendant's final point is that defense counsel failed to raise a self-defense theory in his original appeal. However, defendant's original brief, which he has appended, shows that the self-defense theory was raised indirectly. By attacking the credibility of the witnesses, defense counsel implicitly argued that defendant's account of the shooting was the true account and that the State's case was based on erroneous testimony. The brief states: "The defense theory *** was that Cox, Sr. reached for a bag containing a .38 revolver which Garner had returned to Cox earlier that day, whereupon Garner fired, continued to fire, in self-defense." Thus, originally, our review of the testimony and the credibility of the witnesses naturally encompassed the self-defense theory. (*People v. Garner* (1981), 102 Ill. App. 3d 755, 756-57, 430 N.E.2d 320, *appeal denied* (1982), 91 Ill. 2d 562.) Even if we were to assume that defendant's position is correct, then the fact that counsel may not have pursued the point as vigorously as defendant may have wanted is not dispositive, for counsel is not deemed to be incompetent when he fails to raise an issue that is without merit in his judgment. *People v. Barnard* (1984), 104 Ill. 2d 218, 231, 470 N.E.2d 1005.

## II

■■ Defendant's other major contention is that he was convicted because the State "invented" its case of homicide and coached the witnesses so that their testimonies would correlate. In essence, defendant claims that the State's witnesses perjured themselves. In trying to avoid the defense of *res judicata*, defendant cites *People v. Wright* (1986), 111 Ill. 2d 18, 488 N.E.2d 973, for the proposition that the claim of prosecutorial misconduct has not been considered by this court.

A copy of defendant's original brief in his appeal is appended to the back of his present brief. It reveals that this point, that the witnesses perjured themselves, was raised on appeal. Thus, the trial court properly dismissed this point as *res judicata*. (*People v. Derengowski* (1970), 44 Ill. 2d 476, 479, 256 N.E.2d 455.) Moreover, as we have seen above, this court's opinion reviewed petitioner's argument that the State's witnesses were not credible.

■■ Defendant's alternative argument is that the evidence shows that the State committed prosecutorial misconduct in its handling of the case. This contention is derivative, however, and because the court found the witnesses to be credible, as we did in the original appeal, then there is no basis for any misconduct charge.

For the foregoing reasons, the trial court's dismissal of defendant's petition for post-conviction relief is affirmed.

Affirmed.

JUSTICE STAMOS, specially concurring:

We concur with the result reached by Justice Bilandic. We, however, express our concerns with the problems inherent in the defense of allegations of ineffective assistance of counsel. In our view, the present procedure is unfair to both defense attorneys and courts of review. We believe that either the supreme court rules or the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 1—101 *et seq.*), should be amended to provide a vehicle by which an attorney, who allegedly was ineffective, could respond to the allegations.

The present procedure is unfair to defense attorneys because they are not afforded an opportunity to respond to the allegations. Indeed, often they are unaware that they are being attacked on appeal by their former clients. Fairness, at the very least, dictates that the former trial or appellate attorney be given notice of any allegations so that he can respond if he so desires. This would have two salutary effects. First, the attorney could defend himself against a serious charge. Second, his account would enable a court of review to assess the allegations on a complete record. As it is now, we can only speculate as to why certain matters occurred as they did. We are left to judging actions without any context, which is like watching a play after missing the first act.

We are cognizant of the fact that our views are contrary to those expressed in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, in which the Supreme Court was concerned that "intrusive post-trial inquiry" would lead to a second trial of the attorney's performance and result in the proliferation of ineffectiveness challenges. (466 U.S. 668, 690, 80 L. Ed. 2d 674, 695, 104 S. Ct. 2052, 2065-66.) We are also aware, however, that the court in that case had the opportunity to assess accurately defense attorney's conduct because he testified in the Federal district court during defendant's *habeas corpus* hearing. (466 U.S. 668, 678, 80 L. Ed. 2d 674, 687, 104 S. Ct. 2052, 2060.) We are not arguing that any hearing or supplementing of the record be mandatory. We are merely suggesting that a defense attorney, whose competency is challenged, be given an opportunity to respond.

HARTMAN, J., concurs in the special concurrence.