UNITED STATES of America ex rel. Lamar D. GARNER, Petitioner,

v.

Steven L. McEVERS, Warden, et al., Respondents.

No. 87 C 6565.

United States District Court, N.D. Illinois, E.D.

April 4, 1988.

Supplement To Memorandum Opinion and Order

July 5, 1988.

---

Lawrence L. Summers, Jeanne M. Cole, Vedder, Price, Kaufman & Kummholz, Chicago, Ill., for petitioner.

Arleen C. Anderson, Asst. Atty. Gen., Chicago, Ill., for respondents.

MEMORANDUM OPINION
AND ORDER

SHADUR, District Judge.

Lamar Garner ("Garner") initially filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 ("Section 2254") against Logan Correctional Center Warden Steven McEvers ("McEvers"). Because the petition did not set forth Garner's claims in understandable form, this Court appointed counsel to assist him. Counsel has since submitted a Supplemental Petition for Writ of Habeas Corpus (the "Petition") challenging Garner's confinement because of asserted ineffective assistance of counsel at his trial and on appeal.

Respondents have answered the petition and moved for summary judgment under

---

Fed.R.Civ.P. ("Rule") 56, made applicable to this proceeding by Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). For the reasons stated in this memorandum opinion and order, the motion is granted in part and denied in part, without prejudice to the renewal of the Rule 56 motion on the remaining issues.

### Background

After a bench trial in the Circuit Court of Cook County, Garner was convicted of murder on September 12, 1980 and then sentenced to a 25–year prison term. His conviction was upheld on direct appeal, where he unsuccessfully challenged the sufficiency of the evidence because prosecution witnesses were assertedly demonstrably evasive (see *People v. Garner,* 102 Ill.App.3d 755, 58 Ill.Dec. 378, 430 N.E.2d 320 (1st Dist.1981)).

Garner then requested leave to appeal to the Illinois Supreme Court, reasserting the arguments made in his appeal and also charging ineffective assistance of counsel at both the trial and appellate levels. That court denied leave to appeal on May 25, 1982.

On February 1, 1984 Garner filed a pro se petition for post-conviction relief in the Circuit Court. Although he also requested appointment of counsel, none was appointed and his petition was dismissed on October 2, 1984. Garner again appealed. On March 1, 1985 he filed with the Clerk of the Appellate Court (1) a Pro Se Motion seeking appointment of counsel and (2) a document Garner styled as "Affidavit as Pro Se Brief on Appeal of Dismissal of Post–Conviction Petition" (the "Affidavit"). That latter document raised many (though not all) of the specific objections to the performance of trial and appellate counsel that Garner raises here.

On March 12, 1985 the Appellate Court granted Garner's motion and appointed the State Appellate Defender to represent him. Later the Appellate Defender withdrew because of a conflict of interest, and on October 15, 1985 the Appellate Court appointed new counsel. On March 4, 1986 Garner's new counsel filed an opening brief, challenging the performance of both trial and appellate counsel, but making no mention of many of the specific grounds asserted in the Affidavit.

In *People v. Garner,* 146 Ill.App.3d 743, 100 Ill.Dec. 403, 497 N.E.2d 381 (1st Dist. 1986) the Appellate Court affirmed dismissal of Garner's post-conviction petition. Nothing at all was said on the subjects raised by the Affidavit but not by counsel's briefs. It must be concluded that the Justices were either unaware of the Affidavit or considered it superseded by counsel's briefs.

On February 6, 1987 the Illinois Supreme Court denied leave to appeal. Garner then filed his original petition in this Court.

### Waiver

■ Garner's Petition lists ten specific ways in which his trial counsel is alleged to have been incompetent and three alleged inadequacies of his appellate counsel.[1] Respondents say Garner waived all but one of the grounds charging incompetence at trial by the failure to raise them in his brief appealing denial of post-conviction relief, while Garner says all those grounds were covered by either his Affidavit or the brief submitted by his counsel. Similarly, respondents say only one of the grounds charging ineffective assistance of appellate counsel was not waived, while Garner says all were preserved.

All of Garner's claims ultimately rely on ineffective assistance of counsel. Any such claim requires the petitioner to prove both "deficient performance" and "sufficient prejudice" (*Strickland v. Washington,* 466 U.S. 668, 700, 104 S.Ct. 2052, 2071, 80 L.Ed.2d 674 (1984)). Counsel's performance is deficient if it is not "within the range of competence demanded of attorneys in criminal cases" (*id.* at 687, 104 S.Ct.

---

**1.** It is unnecessary to describe the specific allegations in order to discuss whether they were waived.

at 2064, quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)). When the petitioner challenges counsel's judgment, that judgment is entitled to "a heavy measure of deference" (*id.* at 691, 104 S.Ct. at 2066). To establish the prejudice prong of an ineffective-assistance claim, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*id.* at 694, 104 S.Ct. at 2068).

Any evaluation of either prejudice or performance entails a fact-based assessment of the specific case. Counsel's performance is judged as of the time of his conduct (*id.* at 690, 104 S.Ct. at 2065–66), while whether errors are sufficiently prejudicial obviously depends on the trial evidence untainted by the errors (*id.* at 695–96, 104 S.Ct. at 2068–69). It is thus necessary to view all alleged errors together when assessing an ineffective-assistance claim: After all, the accumulation of enough independently non-fatal missteps can place counsel's performance outside the range of professionally acceptable performance, just as the additive effect of otherwise individually harmless errors can undermine confidence in the outcome.

At the threshold this opinion must determine which of the host of ways in which the Petition charges counsel was ineffective is properly before this Court. Respondents contend Garner waived most of his claims because they were not properly raised in his appeal from the denial of post-conviction relief.[2] They say the failure of Garner's then counsel to argue the issues in his opening brief there leads to

waiver under Illinois Supreme Court Rule 341(e)(7), Ill.Rev.Stat. ch. 110A, ¶ 341(e)(7) ("Court Rule 341"):

> Points not argued [in appellant's brief] are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.

It is well established that a habeas petitioner can waive claims through procedural default in his state proceedings (e.g., *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 394 (1977)) and that such defaults can be excused only upon a showing of cause and prejudice (*United States ex rel. Spurlark v. Wolff,* 699 F.2d 354, 357–61 (7th Cir.1983)). Garner makes no effort to show cause and prejudice for the claimed default here (cf. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986)) (constitutionally ineffective assistance of counsel may be "cause" for procedural default).[3] Instead he says his filing of the Affidavit precludes a finding of default.

Neither side here has focused on whether, under Illinois law, Garner would be treated as waiving an issue by including it in the Affidavit, but not mentioning it in his appellant's brief. Nor (perhaps not surprisingly) has this Court's own research found anything even remotely on point.

Conventional "plain meaning" principles, when applied to Court Rule 341, would teach the issues are indeed waived. Under the Rule's express language points not argued in an appellant's brief are waived, and that rule is strictly enforced (*United States ex rel. Holleman v. Duckworth,* 770 F.2d 690, 692 (7th Cir.1985); see also *People v. Morgan,* 112 Ill.2d 111, 138, 97 Ill.Dec. 430, 440, 492 N.E.2d 1303, 1314 (1986) (applying

---

**2.** Respondents have not claimed Garner waived any claim of counsel's ineffectiveness by failing to raise that claim on direct appeal of his conviction. Thus should there have been such a waiver, the waiver itself is waived (see, e.g., *U.S. ex rel. Haywood v. O'Leary,* 827 F.2d 52, 61 n. 13 (7th Cir.1987)). In any event, it does not appear Garner waived any of those claims on direct appeal:

    1. Most of the claimed grounds for ineffectiveness at trial rest on evidence not in the record and thus presumably could not have been raised on direct appeal.

**2.** To the extent those trial errors did appear in the record, any failure to raise them has been attributed by Garner to ineffectiveness of appellate counsel.

**3.** Were Garner to allege ineffective assistance of counsel on the appeal of his post-conviction petition, he would probably first have to present that claim to a state court (*Murray,* 106 S.Ct. at 2646), assuming it was possible to do so. He would also be faced with the need to show two and perhaps three layers of ineffective assistance, a potentially insurmountable burden.

waiver rule in death penalty case)).[4] In this case the Affidavit was not Garner's appellate brief—the latter document was filed one year later. Literal reading of Court Rule 341 would thus lead to a conclusion the points are waived.

Moreover, such literal reading comports with the purposes of the Court Rule: to focus the appellate court's attention on those issues the appellant wants to raise in a single proceeding that is accorded finality. As *Thrall Car Manufacturing Co. v. Lindquist,* 145 Ill.App.3d 712, 719, 99 Ill. Dec. 397, 495 N.E.2d 1132, 1137 (1st Dist. 1986) put it:

> A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and coherent legal argument presented. The appellate court is not a depository in which the appellant may dump the burden of argument and research.

Here Garner did more than throw his appeal on the desks of the Appellate Court and ask it to search through the record to find error. His Affidavit did point to specific grounds for relief. Had the Affidavit been his brief on appeal the court would likely have felt compelled to address those issues.[5] But Garner's counsel later filed an appellate brief that neither mentioned the existence of the Affidavit nor reiterated many of its contentions. Either of two inferences may be drawn from the Appellate Court's ensuing silence on those contentions:

1. It may be that the court was completely unaware of the Affidavit's existence (a likely prospect, given the fact it was appended to a motion the court had granted more than a year earlier). In that event the court properly relied on Garner's brief to identify the issues.

2. Perhaps less likely, the court may have been aware of the Affidavit but assumed that appointed counsel had investigated the contentions raised there and determined not to pursue them on appeal.

But whichever inference is drawn, it is reasonable to find the claims waived:

1. As for the first, it is both unrealistic and unfair to expect a court with a heavy caseload—or even one without—to search its files to see whether some long-since-filed document may have stated an argument not covered by the current briefing addressed to the merits. And it must be remembered that the United States Supreme Court's heaviest emphasis in federal habeas cases has been on giving the state courts the primary opportunity to deal with state prosecutions even where federal constitutional rights are implicated.

2. As for the second, one reason a court appoints counsel for the pro se litigant is to distill the potentially meritorious claims out of a rambling and confused self-prepared document such as the Affidavit. It would be odd indeed to require a court, after it appoints counsel in the effort to confer—both on the appellant and on the court—the benefit of a legally trained advocate, nevertheless to return to and deal with each of the matters raised by an appellant's pro se filing before counsel was appointed. Much of the benefit of the appointment would then be wasted.

Accordingly this Court holds all issues not argued in Garner's appellate brief were waived.

That leaves for consideration only the two issues that Garner preserved on his appeal of state post-conviction relief and

---

**4.** There are of course exceptions to the strict waiver rule (see generally *Holleman,* 770 F.2d at 692 n. 3) but none would seem to apply here.

**5.** "Likely" is used advisedly here. Because the Affidavit does not meet the technical requirements of Court Rule 341, the court might not have considered it. But while Illinois courts have repeatedly said Court Rule 341 applies with equal force to pro se litigants (e.g., *Harvey v. Carponelli,* 117 Ill.App.3d 448, 450–51, 72 Ill.

Dec. 945, 948–49, 453 N.E.2d 820, 823–24 (1st Dist.1983)), the Rule's requirements are not jurisdictional and those courts have often dealt with the merits when the appellant's brief is at least sufficient to identify the issues (*id.* at 451–54, 453 N.E.2d at 824, 72 Ill.Dec. at 949). Moreover, the court would seem far less likely to enforce such a procedural requirement rigidly in a criminal case.

now tenders to this Court. They will be addressed in turn.

### Cause of Death

■ At trial Garner's counsel stipulated to a pathologist's testimony that Garner's alleged victim had died from multiple gunshot wounds. Garner says counsel should have contested the cause of death and introduced medical records listing the cause of death as "acute cardiac and respiratory failure, acute renal failure, septic shock" (Petition at 4).

Respondents say stipulating to the cause of death was not ineffective assistance because:

1. There was no evidence the victim died of causes unrelated to the shooting.

2. Counsel's decision not to pursue a defense of lack of causation was a reasonable tactical decision, given counsel's reliance on a theory of self-defense.

That, they say, entitles them to summary judgment.

Both those arguments disclose how each side has really misconceived the proper approach to a summary judgment motion. Because that is more graphically demonstrated by respondents' second ground, this opinion will examine that contention first.

On that score, respondents have advanced no more than a speculative assertion. There is *no evidence* tendered to show Garner's trial counsel intentionally forewent a causation argument to avoid diluting the impact of a self-defense claim. Indeed, the two defenses are not inherently contradictory.

But that ignores the placement of the burdens on the current motion. Even though respondents must show the absence of a genuine issue of material fact (*Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986)), it

is *Garner's* responsibility to provide at least some evidence supporting each element of his own claim (*id.* at 324–25, 106 S.Ct. at 2553–54). And in this instance *Strickland* teaches one essential component of an ineffective-assistance-of-counsel claim is Garner's proof of prejudice caused by counsel's alleged delinquency.

That means respondents' speculation about a strategic decision by Garner's trial counsel is not fatal to respondents' Rule 56 motion. Instead the proper focus is on *Garner's* failure to proffer any factual showing that, even with reasonable factual inferences (*DeValk Lincoln–Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 329 (7th Cir.1987)), suggests he was prejudiced by the failure to introduce the victim's death records.[6]

All the same, this Court is reluctant to reject Garner's petition on a ground neither counsel has really addressed.[7] Both sides concentrated their efforts here on the waiver issue, without speaking to the independent merit of either branch of the cause-of-death argument. Accordingly it seems best to deny respondents' Rule 56 motion for the present, but without prejudice to their right to reassert the motion so each side can present its position fully.

As the preceding paragraph suggests, that same approach is called for on respondents' first challenge to Garner's cause-of-death contention. In that respect R. Mem. 5 seeks to rely on the Illinois Appellate Court's determination on the post-conviction appeal that counsel was not ineffective in that regards (see 146 Ill.App.3d at 746–47, 72 Ill.Dec. at 949, 497 N.E.2d at 384). Yet respondents do not say precisely how this Court should treat that conclusion. There are three possible interpretations of respondents' position:

---

**6.** All the factors listed in those records as the causes of death do not appear to be at all inconsistent with those factors having been caused by the victim's multiple gunshot wounds themselves. So far as the record is concerned, that could well have been the precise thrust of the stipulated-to pathologist's testimony.

**7.** Were this Court to do that, it might well have to confront a new Section 2254 petition asserting ineffective assistance by Garner's present counsel. As Dean Swift said (*On Poetry, A Rhapsody* (1733)):

So, naturalists observe, a flea
Hath smaller fleas that on him prey;
And these have smaller still to bite 'em;
And so proceed *ad infinitum.*

1. If they mean to say this Court must accept the Illinois court's determination as conclusive, they are clearly mistaken. Section 2254(d) requires this Court to treat state court findings of fact as conclusive (with some exceptions), but plenary review is still the order of the day when there is a mixed question of law and fact. Both components of the ineffective-assistance-of-counsel inquiry are mixed questions of law and fact (*Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070), so this Court must make an independent review (*Sullivan v. Fairman*, 819 F.2d 1382, 1393 (7th Cir.1987)).

2. Respondents may be suggesting this Court should reach the same conclusion (by the same reasoning) as the Illinois Appellate Court, based on the facts before it. But that course of action involves exactly the same considerations already discussed as to respondents' second cause-of-death contention. Again this Court might shut Garner out because of his failure to meet Rule 56 requirements, but a deferral of that result seems best here as well.

3. Finally, respondents may be suggesting this Court can conclude as a matter of law that counsel was not ineffective, based on underlying findings of historical fact made by the Illinois Appellate Court (see *Sumner v. Mata*, 449 U.S. 539, 544–47, 101 S.Ct. 764, 767–69, 66 L.Ed.2d 722 (1981) (Section 2254(d)'s presumption of correctness applies to findings of fact by state appellate courts)). That possible approach appears to pose three problems. First, the Illinois Appellate Court's opinion, while explicit in rejecting Garner's claim as "frivolous," does not make specific factual determinations as to the underlying critical facts (146 Ill.App.3d at 746–47, 72 Ill.Dec. at 949, 497 N.E.2d at 384). At most it might be urged such findings are implicit in the conclusion. But this Court cannot infer from a state court's ultimate conclusion that it "must have found" some subsidiary fact (cf. *Cole v. Lane*, 793 F.2d 155, 157 (7th Cir.1985) (per curiam)). Second, even had the Appellate Court made explicit factual findings, those findings would be entitled to a presumption of correctness only if none of the exceptions listed in Section 2254(d) applied. That too is an issue the litigants have not dealt with. Third, even if there were factual findings entitled to the presumption of correctness, the ultimate legal conclusions as to ineffectiveness of counsel require a review of the full situation facing both counsel and Garner at the time. As already explained, the record tendered to date is insufficient to do that.

In sum, the paucity of the record here could (and really should) properly be laid at Garner's door so as to reject his petition, but this Court will not do so given the limited scope of each side's presentation. Instead respondents' motion for summary judgment will be denied, without prejudice to their filing of a renewed motion. At that time this Court should be provided those portions of the record of Garner's trial, appeal and post-conviction proceedings that either side believes necessary to resolve whether trial counsel was ineffective when he stipulated to the cause of death and failed to present the medical records on that topic.

### Effective Appellate Assistance

■ Garner makes one non-waived argument that counsel on his direct appeal was ineffective: such counsel's failure to raise trial counsel's ineffectiveness in stipulating to the cause of death. Simply to state that proposition proves its lack of merit. Garner's claim rests on evidence trial counsel *failed* to introduce—and by definition such evidence is outside the record. That in turn means appellate counsel could not have raised the claim on direct appeal.

On this subject there are no conceivable issues of material fact. Respondents are entitled to a judgment as a matter of law as to all claims arising out of counsel's performance on appeal.

### Conclusion

Garner waived most of the claims he presents here when he failed to argue them in the brief filed on his behalf in the state court appeal from the denial of his post-

conviction petition. As to the single non-waived argument regarding the performance of Garner's trial counsel—his alleged ineffectiveness in having stipulated as to the cause of death and having failed to introduce the medical record on that subject—the strict application of Rule 56 principles would defeat the petition because Garner did not sustain his burden. Under the circumstances, however, respondents' motion is denied without prejudice to its reassertion as stated in this opinion. Finally, as to the performance by Garner's appellate counsel, Garner's petition is dismissed with prejudice.

### SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

This Court's April 4, 1988 memorandum opinion and order (the "Opinion") granted respondents' Fed.R.Civ.P. ("Rule") 56 motion in principal part, without prejudice to the renewal of that motion on the only remaining issue: the alleged ineffective assistance of trial counsel for petitioner Lamar Garner ("Garner") in having stipulated as to the cause of death of the victim [1] and having failed to introduce the medical record on that subject. Since issuance of the Opinion, respondents have in fact renewed the Rule 56 motion and Garner's appointed counsel has tendered a responsive submission.

After full consideration of both sides' submissions, this Court has determined there is no genuine issue of material fact as to the one remaining issue, so that respondents are entitled to a judgment as a matter of law on Garner's entire petition. Because the matter involves no legal issues other than those already identified in the Opinion, this Court has today delivered its opinion and ruling on the subject orally. In accordance with and for the reasons stated in that oral ruling, Garner's entire petition is dismissed with prejudice.

---

1. As the Opinion reflects, Garner was convicted of murder September 12, 1980 and is now serving the 25–year prison term to which he was sentenced.